Harold H. N. YOUNGKEN, Appellant,

v.

UNITED STATES of America.

Nos. 17355, 17356.

United States Court of Appeals
Third Circuit.

Argued Dec. 19, 1968.

Decided Feb. 13, 1969.

Herbert L. Levy, Bethlehem, Pa. (Robert Margolis, Bethlehem, Pa., on the brief), for plaintiff-appellant.

Stephen H. Hutzelman, Tax Division, Dept. of Justice, Appellate Section, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., Drew J. T. O'Keefe, U. S. Atty., on the brief), for appellee.

## OPINION OF THE COURT

Before SEITZ, ALDISERT and STAHL, Circuit Judges.

PER CURIAM.

Plaintiff paid taxes assessed against him as an employer under the Federal Insurance Contributions Act. He brought these actions seeking refunds on the ground that he was not an employer within the meaning of the Act and did not have to make social security contributions for one, Mrs. Suther. At the close of plaintiff's evidence, which consisted entirely of testimony adduced from him, the district court directed a verdict against him. He appeals.

The undisputed facts show that plaintiff employed an unlicensed practical nurse, without formal medical training, to look after his aged mother after she returned to his home from the hospital. The nurse, Mrs. Suther, was paid $8.00 a day for about a thirty-five hour week. She also received a paid vacation. By the trial date she had worked exclusively for plaintiff about eleven years. Her primary responsibility was to be present with his mother during the daytime in the event of an emergency.

Throughout her association with plaintiff, Mrs. Suther made all the required social security payments, presumably as a self-employed nurse. However, when she applied for social security ben-efits, she was informed that she was not self-employed, had erroneously made the payments, and was given a refund. Plaintiff as her employer was accordingly assessed for the payments he should have made.

It is not disputed that the common law rules control in the determination of whether or not an employer-employee relationship exists. See Section 3121(d) (2) of the Internal Revenue Code of 1954; see also the pertinent Treasury Regulation (Section 31.-3121(d)-1(c)). It is plaintiff's contention that an evaluation of the evidence in light of the common law test necessitates the conclusion that there was no employer-employee relationship and that he, rather than the defendant, was entitled to a directed verdict.

We think the district court was justified in concluding from plaintiff's own evidence that the only reasonably permissible conclusion to be drawn was that Mrs. Suther was an employee of plaintiff for purposes of the Act in question. Plaintiff's basic position here and in the district court is that she was not under his "direction and control", which is a prerequisite to a finding of the existence of an employer-employee relationship. He argues that she was employed to provide a single service—to care for plaintiff's mother. How she did it, according to plaintiff, was completely within her discretion and not subject to the control of plaintiff. Considering the rather routine nature of the services rendered, we do not consider the "how" aspect of particular importance. We think the only reasonable inference from the record is that plaintiff possessed the right of control, and the fact that the right may not have been exercised here in some particular aspect does not alter this conclusion. See Treasury Regulations, Section 31.3121(d)-1(c) (2).

Plaintiff also claims that it was the intent of the parties that Mrs. Suther not be considered an employee, and he points to her continued payment of her own social security taxes over the elev-

en-year period of her service as evidence supporting his position. Assuming the intention of the parties is a relevant consideration, this contention must be rejected in view of the pertinent policy considerations and the nature of the services performed.

We have examined the other evidence which, plaintiff says, would suggest the absence of an employer-employee relationship and find that it totally fails to support his claim. On the contrary, we find, as did the district court, that the undisputed evidence dictates the conclusion that there existed an employer-employee relationship between plaintiff and Mrs. Suther. Moreover, our conclusion finds support in Revenue Ruling 61–196, 1961–1 Cum.Bull. 155, 156–157 (which classifies unlicensed practical nurses generally as employees).

The judgments of the district court are affirmed.